IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES D. JOHNSON, et al., | ) | |
| | ) | |
| Petitioners, | ) | 8:17CV39 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT R. FRAKES, Nebraska Department of Correctional Services Director, | ) ) ) | CORRECTED MEMORANDUM AND ORDER (Correcting Case caption only) |
| | ) | |
| Respondent. | ) ) | |

James D. Johnson (Johnson) has filed a habeas corpus petition under 28 U.S.C. § 2254 attacking Nebraska's failure to award "good time credit" for mandatory minimum sentences. He also purports to represent 800 or more other prisoners in the custody of the Nebraska Department of Corrections and moves for class certification. Because it plainly appears from the petition that Johnson is not entitled to relief, I will dismiss the petition under the provisions of Rule 4 of the Rule Governing Section 2254 Cases in the United States District Courts and I will do so with prejudice. I will deny the motion for class certification as moot. I will grant the motion to proceed in forma pauperis. Finally, I will deny a certificate of appealability.

For a long time now, the Nebraska Supreme Court has interpreted Nebraska law to hold that a statute requiring an executive officer of a correctional facility to reduce the term of a committed offender for good behavior *did not* apply to reduce mandatory minimum sentences imposed on habitual criminals. *Johnson v. Kenney*, 654 N.W.2d 191 (Neb. 2002). Johnson thinks that decision was wrong but the Nebraska courts have continued to follow it nevertheless. *See, e.g.*, *Caton v. Nebraska*, 869 N.W.2d 911 (Neb. 2015) ("Logically, a defendant must serve the mandatory minimum portion of a sentence before earning good time credit toward the maximum portion of the

sentence."); *State v. Castillas*, 826 N.W.2d 255 (Neb. 2013) ("[G]ood time reductions do not apply to mandatory minimum sentences.") as clarified on other grounds by *State v. Lantz*, 861 N.W.2d 728 (Neb. 2015).

Ascertaining the meaning of a Nebraska statute is quintessentially the exclusive province of the Nebraska Supreme Court. This being true, I lack the power to review the decisions of the Nebraska Supreme Court because a federal district court in a habeas case is limited to resolving *federal claims*. Indeed, § 2254 makes plain that I have the power to act "*only* on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties *of the United States*." (Italics added.) Thus, under no circumstance could there be a meritorious federal claim in a case like this and the petition will therefore be dismissed with prejudice.[1]

Johnson cannot get around this essential problem by figuratively chanting a federal "due process" mantra. One can call a dull duck a majestic swan but that does not make it so. There is not the slightest basis for placing this case within the protective ambit of the federal due process clause. The Nebraska Supreme has definitively ruled and Nebraska's inferior courts and administrative agencies are bound to follow that ruling. Whatever "process was due," either to the litigants in the particular cases that resulted in this "no good time" rule or to the citizens who would be subsequently impacted, was provided during the Nebraska Supreme Court's decisional process where briefs were submitted, arguments were made and opinions were issued.

---

[1]He does not have a viable state court claim either. A check of the SCCALES case search system for Nebraska appellate decisions and a check of the JUSTICE case search system for Nebraska state court decisions revels that: (1) Johnson brought a similar action in the Lancaster County District Court but Judge Nelson dismissed it on April 19, 2016 and (2) the Nebraska Court of Appeals granted summary affirmance on February 1, 2017.

Moreover, the case of *Wolf v. McConnell*, 418 U.S. 539 (1974) is of no aid to Johnson because, although that case dealt with the administrative revocation of good time credit (among many other things), it had nothing whatever to do with a state high court construing a state statute to determine when good time credit must be awarded. Indeed, it appears that Johnson is alleging that the Nebraska Department of Corrections is denying him "due process" because it is following Nebraska law as laid down by the Nebraska Supreme Court. In short, Johnson's claim is, from the viewpoint of both law and logic, an utter contradiction in terms.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The application to proceed in forma pauperis (filing no. 2) is granted.

2. The motion for Class Action Certification and Appointment of Class Counsel (filing no. 4) is denied as moot.

3. The Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice for lack of a federal claim.

4. No certificate of appealibility will be granted.

5. A judgment will be entered by a separate document.

DATED this 17th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge